IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30736
Conference Calendar

_____

BEN ALAN SNIPES,

Plaintiff-Appellant,

versus

KELLY WARD; JERRY GODWIN; WALTER TOLLIVER;
BATSON, Lieutenant; RICHARD L. STALDER, Secretary,
Department of Public Safety and Corrections,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-493
- - - - - - - - - -
April 19, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:*

Ben Alan Snipes, Louisiana inmate # 68731/372123, proceeding

*pro se* and *in forma pauperis* (IFP), appeals the district court's

dismissal of his civil rights lawsuit as frivolous.  The district

court may dismiss an IFP complaint as frivolous under 28 U.S.C.

§ 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact.

*Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  We

review the dismissal of an IFP complaint as frivolous for an

abuse of discretion.  *Id.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Snipes' allegations that the defendants retaliated against him with threats and verbal harassments do not demonstrate the violation of a constitutional right. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)(pretrial detainee)(allegations of verbal abuse and threats by prison officials do not state a claim under § 1983).

Snipes' allegations that the defendants violated his rights under the Eighth Amendment by ordering him to work outside in freezing temperatures without gloves do not demonstrate a constitutional violation. Snipes did not allege conditions that deprived him of life's necessities, he did not allege serious injury that required medical attention, and he did not allege that the defendants acted with deliberate indifference. *See Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994); *see Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994).

We cannot entertain Snipes' claim, raised for the first time on appeal, that the defendants limited his access to the courts by requiring him to seek assistance from a single, unqualified law clerk and that his ability to research statutes was limited by the computer system available for inmate use. *Cf. Travelers Indem. Co. v. CITGO Petroleum Corp.*, 166 F.3d 761, 770 (5th Cir. 1999) (legal theory of recovery waived by not raising it in district court).

Snipes' appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous and the dismissal in the district court of the complaint as frivolous count as two separate "strikes" for purposes of 28 U.S.C. § 1915(g). We caution Snipes that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

DISMISSED AS FRIVOLOUS; WARNING ISSUED.